RAWLS, Judge.
By this appeal appellants-defendants seek reversal of a final declaratory judgment and amended final judgment finding that appellee-plaintiff has fee simple title to a certain parcel of land bordering the Gulf of Mexico and establishing the boundaries of same.
Plaintiff filed suit seeking to quiet title to the fractional part of Section 31 and to determine the boundary between Sections 30 and 31, Township 2 North, Range 21 West, in Walton County, Florida. Plaintiff deraigns its title from a patent granted by the United States of America to the bank of Weiser, dated February 28, 1934.
Defendants deraign their title from a subdivision of the Southern Quarter of Section 30, Township 2 South, Range 21 West, Walton County, and a dependent resurvey of same, dated July 17, 1947, reflecting the Gulf of Mexico as being the Southern boundary of defendants’ lots located in Section 30. It is defendants’ contention that any lands now lying South of their property is by reason of accretion and has accrued to their lands.
Extensive testimony and documentary evidence was presented to the trial court which found:
“FINDINGS OF FACT
“1. There does presently exist and has existed at all times material hereto a fractional Section 31, Township 2 South, Range 21 West, Walton County, Florida.
“2. The preponderance of the evidence as to the location and boundaries of fractional Section 31, Township 2 South, Range 21 West, establishes the boundary to be as found in Plaintiff’s Exhibits 6-8, which are respectively the subdivision plats of Warren Heights Subdivision, Sapphire Beach Subdivision and Fran-gista Beach Subdivision.
“3. That Sections 30, 31, 29 and 32 have a common corner at a point some distance North of the Gulf of Mexico near the right of way of State Road 98 as is indicated on the subdivision plats above mentioned.
“CONCLUSIONS OF LAW
“It is therefore considered, ordered and decreed that the Plaintiff, Investments Unlimited, is the fee simple owner of fractional Section 31, Township 2 South, Range 21 West, Walton County, Florida, and that the northern boundary of such fractional section is and shall be an extension of the northern boundary of Section 32 and southern boundary of Section 29 as shown on the subdivision plats of Frangista Beach Subdivision, Sapphire Beach Subdivision and Warren Heights Subdivision.”
Judge Wigginton, speaking for this court in Parish v. Spence, 149 So.2d 58 (1 Fla.App.1963), fully reviewed the applicable case law upon the subject which supports *858 the trial court’s final declaratory judgment and amended final judgment. Upon the authority of Parish v. Spence, supra, the judgment appealed is
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.